STATE OF LOUISIANA, COASTAL PROTECTION AND RESTORATION AUTHORITY

VERSUS

ERNEST HENRY AMANN, ET AL

NO. 23-C-593

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

ON APPLICATION FOR SUPERVISORY REVIEW FROM THE FORTIETH
JUDICIAL DISTRICT COURT
PARISH OF ST. JOHN THE BAPTIST, STATE OF LOUISIANA
NO. 80,829, DIVISION "A"
HONORABLE VERCELL FIFFIE, JUDGE PRESIDING

December 27, 2023

**STEPHEN J. WINDHORST**
**JUDGE**

Panel composed of Judges Stephen J. Windhorst,
John J. Molaison, Jr., and Scott U. Schlegel

**ORDER VACATED; REMANDED**
    **SJW**
    **JJM**
    **SUS**

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Morgan Naquin
Deputy, Clerk of Court

COUNSEL FOR PLAINTIFF/RELATOR,
STATE OF LOUISIANA, COASTAL PROTECTION AND RESTORATION
AUTHORITY
      James L. Bradford, III
      D. Stephen Brouillette, Jr.
      Jamie P. Gomez
      David A. Peterson
      J. Ryan Vivian

COUNSEL FOR DEFENDANT/RESPONDENT,
HON. VERCELL FIFFIE
      Vercell Fiffie
      Goldie Rainey
      Eliana Defrancesch

**WINDHORST, J.**

Petitioner, State of Louisiana, Coastal Protection and Restoration Authority ("CPRA") seeks review of the trial court's *sua sponte* November 21, 2023 order setting this matter for trial on January 3, 2024.  For the following reasons, we vacate the trial court's *sua sponte* November 21, 2023 order and remand this matter for further proceedings.

**PROCEDURAL HISTORY and FACTS**

CPRA filed a petition for expropriation seeking to expropriate various properties held by landowners in St. John the Baptist Parish as part of the Maurepas Swamp Project.  CPRA filed an *ex parte* motion for execution of the order of expropriate, six weeks after filing the expropriation petitions explaining the trial court's mandatory obligation to issue the order of expropriation pursuant to La. R.S. 19:144.

Because the trial court failed to issue an order of expropriation, CPRA filed a writ of mandamus with this court.  On November 8, 2023, CPRA applied for, and this court granted, a writ of mandamus for the limited purpose of ordering the trial court to take action on CPRA's petition for expropriation by 4:00 P.M. on November 9, 2023, by either issuing the order of expropriation or, if it found any deficiencies in the petition or other valid grounds for denial of the order of expropriation, to provide written reasons stating the grounds for the denial.  State of Louisiana, Coastal Protection and Restoration Authority v. Amann, 23-516 (La. App. 5 Cir. 11/08/23)(unpublished writ disposition).  The trial court requested an extension of time to respond and was given until 4:00 P.M. on November 13, 2023 to take action on CPRA's petition.

On November 12, 2023, the trial court, citing La. R.S. 38:354 and La. R.S. 38:351, concluded that "the expropriation as prayed for does not comply with the mandatory language of the statute, and the expropriation does not meet the

requirements mandating a denial of the request to take private property." Accordingly, the trial court denied CPRA's order of expropriation. CPRA filed a notice of intent to seek supervisory review from this court, which was signed by the trial court on November 20, 2023, with a return date of December 12, 2023.

As these events were ongoing, on November 21, 2023 (the day after granting CPRA's notice of intent to seek supervisory review of the expropriation denial), the trial court signed a *sua sponte* order setting this case for trial on the merits at 9:30 A.M. on January 3, 2024. This trial order was executed while the writ application was pending and the petition for expropriation had been denied and was therefore no longer pending. Service on the order was withheld by the court.

On December 4, 2023, this court vacated the trial court's November 12, 2023 order denying expropriation and ordered the trial court to enter an order of expropriation before December 8, 2023. State of Louisiana, Coastal Protection and Restoration Authority v. Amann, 23-547 (La. App. 5 Cir. 12/04/23)(unpublished writ disposition).

The trial court granted the order of expropriation on December 8, 2023. The trial court *sua sponte* amended the order of expropriation submitted by CPRA, ordering that "All previously set hearing dates are to be maintained," an apparent reference to the November 21, 2023 *sua sponte* order setting the case for trial on the merits prior to service of notice, and other required procedures.

On December 5, 2023, the trial court's order setting the matter for trial was issued to all parties. On December 12, 2023, the Clerk of Court prepared the necessary citations to the landowners, which included the notice of expropriation, the petition for expropriation, the order of expropriation and the receipt for service. The citations were to landowners in Louisiana and in other states. As of the filing of the writ application, CPRA contends that no returns have been placed in the record of this proceeding.

**LAW and ANALYSIS**

The CPRA challenges the trial court's November 21, 2023 *sua sponte* order setting this matter for trial. CPRA contends that the trial court's *sua sponte* November 21, 2023 order setting this proceeding for trial on January 3, 2024 is reversible legal error because it violates the quick-take expropriation procedures set forth in La. R.S. 19:141, *et seq.*, denies CPRA's right to a jury trial, and violates the defendant landowners' right to due process. We agree.

CPRA also contends that the trial date is for a bench trial and not a jury trial, which CPRA previously requested, if a trial is necessary. To the extent the order set the matter for a bench trial, the trial court erred in setting the matter as a bench trial when CPRA clearly and properly requested a jury trial as to the issue of just compensation. La. R.S. 19:154; La. R.S. 19:4.

Initially, we find that the November 21, 2023 order setting the trial for January 3, 2023 was improperly ordered after the trial court denied the order of expropriation. At the time the order was signed, the matter was clearly not in a procedural posture to set for trial for several reasons. The trial court set the matter for trial at a time when the petition had been denied and was no longer pending, and before the parties have been served with the order of expropriation as required by La. R.S. 19:146. Further, the parties have not appeared or filed an answer to the petition for expropriation, and consequently, no party has challenged either the public purpose for the taking or the amount of just compensation. The twenty days in which to do so as provided in La. R.S. 19:147 clearly has not elapsed, even since the December 12, 2023 *issuance* of citations and petitions. Thus, the requirements set forth in La. R.S. 19:147 and La. R.S. 19:151 have been disregarded.

According to the quick-take procedures in La. R.S. 19:141, *et seq.*, the landowners are not required to answer the petition; instead, they may withdraw the amount of just compensation deposited into the registry of the court and not oppose

either the taking or the just compensation.  La. R.S. 19:149.  Furthermore, the trial court improperly held the order setting the matter for trial for two weeks after it was signed without issuing the order to the parties.

We also find that the trial court's *sua sponte* order prematurely setting a trial date violates the quick-take procedures set forth in La. R.S. 19:141, *et seq.* and the landowners right to due process under the law, and therefore, the trial court erred in ordering the trial to be set on January 3, 2024.  La. R.S. 19:151 requires an answer to be filed prior to the setting of a trial date.  In the instant case, the trial court erred by setting the matter for trial without permitting the landowners to be served and to file responsive pleadings.  Any judgment obtained in violation of the quick-take procedures as stated herein would result in the judgment being null and void.

**DECREE**

Accordingly, for the above stated reasons, we grant CPRA's writ application, vacate the trial court's *sua sponte* November 21, 2023 order, and remand this matter for further proceedings.

<u>**ORDER VACATED; REMANDED**</u>

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
JOHN J. MOLAISON, JR.
SCOTT U. SCHLEGEL

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
CHIEF DEPUTY CLERK

LINDA M. WISEMAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY **DECEMBER 27, 2023** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

## 23-C-593

**E-NOTIFIED**
40TH DISTRICT COURT (CLERK)
HONORABLE VERCELL FIFFIE (DISTRICT JUDGE)
D. STEPHEN BROUILLETTE, JR. (RELATOR)     JAMES L. BRADFORD, III (RELATOR)     VERCELL FIFFIE (RESPONDENT)

**MAILED**
DAVID A. PETERSON (RELATOR)          JAMIE P. GOMEZ (RELATOR)          ELIANA DEFRANCESCH  (RESPONDENT)
J. RYAN VIVIAN (RELATOR)             ATTORNEY AT LAW                   40TH JUDICIAL DISTRICT COURT
ATTORNEYS AT LAW                     227 HIGHWAY 21                    2393 HIGHWAY 18, SUITE 100
150 TERRACE AVENUE                   MADISONVILLE, LA 70447            EDGARD, LA 70049
BATON ROUGE, LA 70802

GOLDIE RAINEY  (RESPONDENT)
40TH JUDICIAL DISTRICT COURT,
DIVISION A
2393 HIGHWAY 18, SUITE 100
EDGARD, LA 70049